# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01651-STV

CARLOS G. BRITO, individually,

    Plaintiff,

v.

DHCS ASSOCIATES, LLC, a Foreign Limited Liability Company,

    Defendant.
_____

# ORDER
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (the "Motion") [#19]. The Motion is before the Court on the Parties' consent to have a United States magistrate judge conduct all proceedings in this action and to order the entry of a final judgment. [#17, 18] This Court has carefully considered the Motion and related briefing, the case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, I **DENY** the Motion.

## I. FACTUAL BACKGROUND[1]

Plaintiff Carlos Brito is paralyzed from his T-6 vertebrae down requiring him to use a wheelchair to ambulate. [#1 at ¶ 5] Defendant DHCS Associates, LLC is the owner, lessor and operator of a hotel located at 1775 East Cheyenne Mountain Boulevard in Colorado Springs, Colorado (the "Premises"). [*Id.* at ¶¶ 7, 10] In May 2017, Plaintiff visited the Premises for the purpose of staying at the hotel and encountered architectural barriers to access. [*Id.* at ¶ 15] Specifically, "Plaintiff was not able to access, among other things, parking, entrance, path of travel, goods and services, common area restrooms, [and] guestroom, at the [] Premises without encountering architectural barriers." [*Id.* at ¶ 17] The Complaint alleges that Plaintiff intends to return to the Premises once the barriers are removed, but that Plaintiff is currently deterred from returning due to the barriers. [*Id.* at ¶ 18]

On July 7, 2017, Plaintiff brought the instant action alleging that Defendant has violated the Americans with Disabilities Act ("ADA"). [#1] The Complaint sets forth 18

---

[1] The facts are drawn from the allegations in Plaintiff's Complaint [#1]. Because Defendant is making a facial attack to Plaintiff's standing, the Court must accept these allegations as true for purposes of Defendant's Rule 12(b)(1) and 12(b)(6) challenges to Plaintiff's Complaint. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (holding that, "[i]n reviewing a facial attack on the complaint [under Rule 12(b)(1)], a district court must accept the allegations in the complaint as true"); *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (stating that, under Rule 12(b)(6), court must "accept as true all well-pleaded factual allegations").

specific barriers that Plaintiff alleges violate Title III of the ADA.[2]  [*Id.* at ¶ 25]  The Complaint asserts a single claim for injunctive relief.[3]  [*Id.* at ¶¶31-37]

On September 8, 2017, Defendant filed the instant Motion seeking dismissal of Plaintiff's Complaint.  [#19]  Defendant argues that Plaintiff failed to exhaust his administrative remedies and lacks standing.  [*Id.*]  On October 13, 2017, Plaintiff responded to the Motion [#29], and Defendant filed a reply in support of the Motion on October 27, 2017 [#32].

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of subject-matter jurisdiction."  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  In deciding a motion

---

[2] Title III of the ADA states: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).
[3] Title III of the ADA "provides for only injunctive relief and not compensatory damages." *Rhodes v. S. Nazarene Univ.*, 554 F. App'x 685, 690 (10th Cir. 2014).

under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova*, 595 F.3d at 1124 (alteration in original) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## III. ANALYSIS

Defendant makes two arguments in support of its Motion. First, Defendant argues that Plaintiff failed to exhaust his administrative remedies. [#19 at 4-6] Second, Defendant argues that Plaintiff lacks standing. [*Id.* at 6-11] The Court addresses each argument in turn.

### A. Administrative Exhaustion Under Title III of the ADA

It is undisputed that Plaintiff made no attempt to exhaust administrative remedies prior to filing the instant lawsuit. The parties dispute, however, whether Title III of the ADA includes an exhaustion requirement.

Title III of the ADA provides that "[t]he remedies and procedures set forth in section 2000a-3(a) of [Title II of the Civil Rights Act of 1964] are the remedies and procedures this subchapter provides to any person who is being subjected to discrimination on the basis of disability in violation of [Title III of the ADA]." 42 U.S.C. § 12188(a)(1). Section 2000a-3(a), in turn, provides that an aggrieved individual may

4

bring "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order." 42 U.S.C. § 2000a-3(a).

Although Section 2000a-3(a) does not contain an explicit notice provision, Defendant argues that a separate notice provision contained in Title II of the Civil Rights Act is incorporated into Title III of the ADA. Specifically, Section 2000a-3(c) provides:

> [N]o civil action may be brought under subsection (a) of [Section 2000a-3] before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of state or local enforcement proceedings.

Defendant argues that by making Section 2000a-3(a) applicable to enforcement actions under Title III of the ADA, Congress intended to also incorporate the notice provisions of Section 2000a-3(c).

Courts in this District (and beyond) are split on this issue. *Compare Brito v. Big Lots Stores, Inc.*, No. 17-cv-02052-CMA-KMT, 2017 WL 5665057, at *2 (D. Colo. Nov. 27, 2017) (holding that no pre-suit notice is required for claims under Title III of the ADA); *Mize v. Kai, Inc.*, No. 17-cv-00915-NYW, 2017 WL 5195203, at *6 (D. Colo. Nov. 9, 2017) (same); *Abreu v. Tavin Food, Inc.*, No. 16-cv-00432-MEH, 2016 U.S. Dist. LEXIS 191862, at *15 (D. Colo. Nov. 14, 2016) (same); *Tanner v. Wal-Mart Stores, Inc.*, No. 99-44-JD, 2000 WL 620425 (D.N.H. Feb. 8, 2000) (same) *with Lillard v. Sunflower Farmers Mkt., Inc.*, No. 12-CV-1497-JLK, 2012 WL 5936543, at *2 (D. Colo. Nov. 27, 2012) (holding that pre-suit notice is required under Title III of the ADA); *Howard v. Cherry Hills Cutters, Inc.*, 979 F. Supp. 1307, 1308-09 (D. Colo. 1997) (same). The Tenth Circuit has not yet addressed this issue, but every other Circuit to consider the issue has found that the notice provision is inapplicable to claims brought pursuant to

Title III of the ADA. *See Burkhart v. Widener Univ., Inc.*, 70 F. App'x 52, 54 (3d Cir. 2003) (holding that Title III of the ADA does not require exhaustion of state remedies); *Botosan v. Paul McNally Realty*, 216 F.3d 827 (9th Cir. 2000) (same); *see also Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1360 (11th Cir. 2006) ("A person may file a suit seeking relief under the ADA without ever notifying the defendant of his intent to do so, and the district court may not dismiss the suit for lack of pre-suit notice.").

This Court agrees with the line of cases concluding that Section 12188(a)(1) does not require administrative exhaustion. The Court finds that the plain language of the statute mandates this conclusion. Section 12188(a)(1) incorporates only Section 2000a-3(a), not the entirety of Section 2000a-3. As United States District Judge Christine M. Arguello recently concluded, "to hold that the entirety of § 2000a-3 is adopted by § 12188(a)(1), even though it makes express reference only to § 2000a-3(a), would impermissibly render superfluous that explicit textual reference."[4] *Brito*, 2017 WL 5665057, at *2. Accordingly, the Court concludes that the exhaustion requirement set forth in Section 2000a-3(c) does not apply to claims brought under Section 12188(a)(1) of Title III of the ADA. The Court therefore **DENIES** Defendant's Motion to the extent it seeks dismissal based upon Plaintiff's failure to exhaust administrative remedies.

---

[4] Moreover, as Magistrate Judge Nina Y. Wang concluded, "there is no basis in the legislative history or otherwise to implicitly incorporate § 2000a-3(c)." *Mize*, 2017 WL 5195203, at *6.

**B. Standing**

Defendant makes two arguments against Plaintiff's standing to bring this action. First, Defendant argues that Plaintiff has failed to establish a past injury that is concrete and particularized. [#19 at 8-10] Second, Defendant argues that Plaintiff has failed to establish a certainly impending threatened injury. [*Id.* at 10-11] The Court addresses each argument below.

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2661 (2013) (quoting U.S. CONST. art. III, § 2). "Plaintiffs must demonstrate a personal stake in the outcome in order to assure that concrete adverseness which sharpens the presentation of issues necessary for the proper resolution of constitutional questions." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (quotations omitted). "Plaintiffs must show they have sustained or are immediately in danger of sustaining some direct injury, and the injury or threat of injury must be real and immediate, not conjectural or hypothetical." *Faustin v. City & Cty. of Denver*, 268 F.3d 942, 947 (10th Cir. 2001). As a result, "[t]o establish standing, plaintiffs must show injury in fact, a causal relationship between the injury and the challenged action of the defendant, and a likelihood that the injury will be redressed by a favorable decision." *Id.*

Here, Defendant challenges only the injury-in-fact requirement. [#19 at 8 n.1] "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (internal quotations omitted). Because Plaintiff is seeking prospective relief, the injury-

7

in-fact requirement is only satisfied if Plaintiff is "suffering a continuing injury or [is] under a real and immediate threat of being injured in the future." *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). "The threatened injury must be 'certainly impending' and not merely speculative." *Id.*

Initially, Defendant argues that Plaintiff "only alleged that he visited the Premises sometime in the month of May 2017 [and] [n]o evidence was provided with the filing to support Plaintiff's assertion that he actually stayed at the Premises." [#19 at 9 (citation omitted)] Because "[p]ast wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury," *Tandy*, 380 F.3d at 1283, the Court may consider whether Plaintiff adequately alleged injury with respect to his May 2017 visit. The Court concludes that Plaintiff has adequately alleged a prior injury.

The Complaint alleges that Plaintiff had intended to stay at the hotel but was not able to access various aspects of the hotel without encountering architectural barriers. [#1 at ¶¶ 15, 17] Plaintiff then describes those barriers in detail, including: (1) lack of accessible parking spaces for Plaintiff to safely unload from a vehicle, (2) curb ramps with excessive slopes that place Plaintiff in danger, (3) recreation areas that fail to provide access to the patio, tables and emergency devices, (4) restroom doors that lack required maneuvering space, thereby preventing Plaintiff from exiting the restroom without assistance, and (5) lack of maneuvering space in the guestroom, thereby preventing Plaintiff from exiting the guestroom or entering the guestroom's bathroom. [*Id.* at ¶ 25] Certainly, Plaintiff's inability to access aspects of the Premises, thereby effectively preventing Plaintiff from staying at the Premises, constitutes a past injury that

8

is concrete and particularized.[5]  See, e.g., Hamer v. City of Trinidad, No. 16-cv-02545-NYW, 2017 WL 5969815, at *5 (D. Colo. Dec. 1, 2017) (finding that plaintiff suffered concrete and particularized injury in the past where record indicated that he suffered inaccessible sidewalks and curbs); Colorado Cross-Disability Coal. v. Abercrombie & Fitch Co., No. 09-cv-02757-WYD-KMT, 2012 WL 1378531, at * 5 (finding that plaintiffs suffered real and concrete injury-in-fact when they were unable to access store due to store's elevated entrances).

Defendant also challenges whether Plaintiff has sufficiently alleged that the future injury is "certainly impending."  [#19 at 10]  Specifically, Defendant argues that Plaintiff has failed to "show a concrete, present plan to return" to the Premises.  [Id.]  According to Defendant, Plaintiff has alleged nothing more than "speculative 'someday' intentions" to return to the Premises and these speculative intentions are insufficient to establish standing.  [Id. (quoting Tandy, 380 F.3d at 1284 ("Speculative, 'someday' intentions do not support standing to seek prospective relief.").]

---

[5] Defendant also complains that Plaintiff's Complaint fails to provide the "exact date" in May on which Plaintiff visited the Premises and fails to provide evidence "to support Plaintiff's assertion that he actually stayed at the Premises."  [#19 at 9]  Defendant provides no authority supporting the contention that Plaintiff must include the exact date on which he visited the premises to validly assert an ADA claim and, notably, does not contend that this omission prevents Defendant from responding to the allegations in the Complaint.  See Barfield v. Commerce Bank, N.A., 484 F.3d 1276, 1281 (10th Cir. 2007) (finding that notice pleading does not require plaintiff "to set out in detail all facts upon which he bases his claim" but rather requires only "enough specificity for the defendant to be able to respond to the allegations" (internal quotation omitted)); Raetano v. Sardo's Pizza, Inc., No. 8:09-CV-01569-T30EAJ, 2010 WL 326167, at *2 (M.D. Fla. Jan. 21, 2010) (finding that "neither the statute nor a survey of the case law revealed an explicit requirement that a specific date be alleged as part of a claim under Title III of the ADA").  Nor, at this stage of the proceedings, was Plaintiff required to submit evidence to support the allegations in the Complaint.  See supra note 1.

As Judge Arguello recently summarized:

> Courts consider the following factors in determining whether an ADA plaintiff's likelihood of returning to a defendant's business is sufficient to confer standing: (1) the proximity of defendant's business to plaintiff's residence, (2) the plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant.

*Brito*, 2017 WL 5665057, at *3.[6] Here, at this stage of the proceedings, each of these four factors weighs in favor of standing. The Complaint alleges that Plaintiff is a resident of the county in which the Premises are located [# 1 at ¶¶ 3, 7-8], thereby placing him in close proximity to Defendant's business. Second, Plaintiff alleges that he has previously visited the Premises and would have stayed at the hotel but for the architectural barriers. [*Id.* at ¶¶ 15, 17; #29 at 14] As indicated above, Plaintiff's allegations of a "[p]ast wrong[] [is] evidence bearing on whether there is a real and immediate threat of repeated injury." *Tandy*, 380 F.3d at 1283. Third, Plaintiff states that he intends to return to the Premises to stay at the hotel, but that he cannot provide an exact date for this return, because he "is currently deterred from returning as a result of the barriers to access present at the [] Premises." [*Id.* at ¶¶ 18, 22] Finally, Plaintiff's residency within the same county as the Premises at least plausibly suggests, at this stage of the proceedings, that he likely frequently travels near the Premises. Thus, based on the allegations in the Complaint, which at this stage the Court must accept as true, the Court finds that Plaintiff has pled an injury-in-fact sufficient to establish

---

[6] Some of these factors may be less applicable to a hotel. For example, proximity to a hotel may be less relevant as an individual may be more willing to stay at a hotel not located near the individual's residence. On the other hand, an individual living near the hotel may be more likely to utilize other hotel services—such as the hotel store or restaurant—then somebody not living in close proximity to the hotel. In any event, as detailed below, the Court finds that Plaintiff has sufficiently alleged a certainly impending intent to return to the facility if the barriers are removed.

standing. *See Civil Rights Educ. & Enf't Ctr. v. Sage Hosp. Res. LLC*, 222 F. Supp.3d 934, 955 (D. Colo. 2016) (plaintiff's "allegation that she intends to call several times per year to see whether the hotels can accommodate her" sufficient to show prospective standing). The Court therefore **DENIES** Defendant's Motion to the extent it seeks dismissal based upon Plaintiff's standing to pursue his ADA claim.

IV. **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss [#19].

DATED: December 15, 2017

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge